## THE WESTERN UNION TELEGRAPH COMPANY, Respondent, v. C. J. ULRICH, Appellant.

Kansas City Court of Appeals, April 2, and October 1, 1006.

TELEPHONES: Connections: Injunction: Pleading: Trespass. Where a party claiming a right to connections with the lines of a telephone company is denied by the party in possession and he attaches his line to such line and persists therein, an injunction will lie, since he is required to enforce his rights in a peaceable manner; and a petition for injunction is held sufficient.

Appeal from Putnam Circuit Court.—*Hon. Paris C. Stepp,* Judge.

AFFIRMED.

*C. J. Ulrich* for appellant.

(1)   The nature of the business contemplated and the nature of the joint property is such as to preclude the idea of ownership of any integral part of the system by any of the joint owners.   The intention of the enterprise was to connect the several towns with the county seat at Unionville and it was used for four years for this purpose.   (2)   The fact that at the time the respondent purchased the shares of certain of the shareholders, the appellant and the other shareholders were using the line and were in possession of the same to that extent was sufficient to put the respondent on inquiry as

to their rights therein and as to the rights of the appellant therein. Freman v. Moffit, 119 Mo. 280. Where one has information which would put him on inquiry he is charged with notice. Mier v. Blume, 80 Mo. 179; Jennings v. Todd, 118 Mo. 296; Barrett v. Davis, 104 Mo. 549; Stevenson v. Smith, 7 Mo. 610. Also, respondent had actual notice that there was trouble between the shareholders of the system. (3) The petition of the plaintiff is defective and does not state facts sufficient to constitute a cause of action in this, that it fails to state that the acts complained of and sought to be enjoined are continuing acts. Boeckler v. Railroad, 10 Mo. App. 448.

*J. C. McKinley, Orton & Orton* and *Ira B. Hyde & Son* for respondent.

(1) The findings of fact of the trial court that the defendant had no interest in the property in controversy, while not conclusive upon the appellate court, yet it should be conclusive on this fact unless it appears that such fact is not sustained by the evidence. Chapman v. McIlwrath, 77 Mo. 43; Chouteau v. Allen, 70 Mo. 336; Halstead v. Mustion, 166 Mo. 495. (2) Plaintiff states a good cause of action to which the defendant filed answer and went to trial. It pleads an irreparable injury to the property and such that could not be measured in damages, an act which defendant persisted in doing. (3) Plaintiff has established peaceable possession, and the purchase of the Omaha and Unionville line. The evidence of the defendant could not be claimed further by him than to show a right to free exchange at switchboard at Omaha of the line from Omaha to Monitor. It devolved upon him to establish by contract binding upon the plaintiff whereby the Chapel line is entitled not only to free exchange but to tie such line upon that of the plaintiff to its practical destruction. We submit he has not done this.

BROADDUS, P. J.—The facts of the case are as follows: The plaintiff is owner of the greater part, if not of its entirety, of a telephone line in the county of Putnam, Missouri, extending from the town of Omaha to Unionville, the county seat of said county, and was at the institution of this suit in possession of and operating the same. There is another or different telephone line, called the Chapel line, which connects Chapel and said town of Omaha, which is used by the defendant, whose property is situated between the two last-named points. The principal utility of these lines is to afford communication to farmers and other business persons with Unionville, the county seat. The line from Unionville was built by contributions made by persons in the locality, but there was no corporation formed. The defendant claimed that he was one of the contributors and had purchased the interests of several other contributors. The court found, however, that he had no interest in the latter line, but that plaintiff owned the whole. But, with the view we take of the case, we deem it immaterial whether defendant owned any interest in the line or not.

It seems that defendant claimed that by reason of his asserted right to such interest he had the right to a free connection over the Chapel line with the switchboard of the Unionville line at Omaha. The right was denied him by the plaintiff, whereupon he connected the former line with the latter at Omaha between that point and Unionville, which had the effect to greatly impair communication between the two places. The plaintiff then dissevered the connection, but the defendant still persisted in restoring it. A line of telephone extends from Omaha in an opposite direction from Unionville to Monitor, with which the plaintiff has connection. The effect of defendant's act in so connecting the Chapel line also effected efficient communication over the line to the latter point. The plaintiff sued out an injunction

restraining defendant from further making said connection, which, on final hearing, the court made perpetual. From the judgment the defendant appealed.

The defendant's first contention is that plaintiff's petition does not state a cause of action, in that the acts complained of and sought to be enjoined are not continuing acts. The allegation is: "That the defendant on or about the first day of April, 1903, wrongfully, unlawfully and over the protest of this plaintiff, attached to the wires of said telephone line certain wires of other telephone lines belonging to other parties and since that time has persisted in re-attaching such other wires to those of plaintiff as often as the same were detached by plaintiff.

Admitting that defendant had an interest in the Unionville line, he had no right to attach the Chapel line to the same, as it was under the control of the plaintiff. Therefore, it is plain that when he made such attachment and the same was removed by the plaintiff, that he was persisting in his unlawful act, in other words, continuing it. The defendant sought to enforce, by the strength of his hands, his supposed or actual right to free communication over plaintiff's line. This, the law does not permit. He was required to enforce whatever right he may have had in a peaceable manner. The courts of the county afforded complete redress. Cause is affirmed. All concur.